IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-CT-3018-FL

| | | |
|---|---|---|
| JEFFERY DANCEY, Plaintiff, | ) | |
| v. | ) | ORDER |
| ROCKY MOUNT POLICE DEPARTMENT, Defendant. | ) | |

Plaintiff, proceeding pro se, commenced this action by filing complaint January 15, 2026, claiming "false arrest" under 42 U.S.C. § 1983. The matter now comes before the court for initial review under 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion to proceed without prepayment of fees (DE 2).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of

a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

Here, plaintiff failed to fill out most of his civil complaint form. The caption reads "New filing against police department for false arrest in Rocky Mount[,] North Carolina." (DE 1 at 1). As the first defendant, plaintiff lists "Rocky Mount police department lawsuit for false arrest." (Id. at 2). For every other portion of the complaint form, plaintiff either writes "N/A" or dashes through the space where he would provide a response, except to list himself as plaintiff and sign the last page. (Id. at 2-5). Here, nothing in the complaint suggests misconduct beyond the wholly conclusory allegation that plaintiff was subject to "false arrest." Nemet, 591 F.3d at 255. Additionally, North Carolina law enforcement departments are not subject to suit as entities under § 1983. Smith v. Munday, 848 F.3d 248, 256–57 (4th Cir. 2017) ("Under North Carolina law, police departments cannot be sued as entities."). Accordingly, plaintiff's claim cannot survive initial review.

**CONCLUSION**

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge